UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,      CASE NO: 17-14163-CIV-MARRA

        Plaintiff,

v.

CHARLES E. GAINES, Jr.

        Defendant,
_____/

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, United States of America, by and through its undersigned counsel, and moves this Court for an entry of summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure in Plaintiff's favor for the relief demanded in the Complaint on the grounds that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment in its favor as a matter of law.

In the alternative, Plaintiff moves this Court to grant summary judgment on the facts that are not in dispute and are incontrovertible and to enter an Order specifying such facts and deeming them established for all purposes in this action.

WHEREFORE, the Plaintiff, United States of America, hereby respectfully moves this Court to grant Plaintiff summary judgment together with principal, interest, attorney's fees, court costs and all other relief the Court deems just and proper.

Dated: August 2, 2017

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Counsel for Plaintiff*
121 Alhambra Plaza, Suite 1000
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Sdavis@bplegal.com

By: _____
Steven M. Davis, Esq.
Florida Bar No. 894249

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served by CM/ECF or the respective mailing address on this 2 day of August, 2017 to all counsel or parties of record on the Service List Below.

_____
Steven M. Davis, Esq.

**Service List:**
Charles E. Gaines, Jr.
508 South East Champan Avenue
Port Saint Lucie, FL 34984
ACTIVE: U06092/093890:9182135_1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO: 17-14163-CIV-MARRA

      Plaintiff,

v.

CHARLES E. GAINES,

      Defendant,
_____/

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, United States of America, by and through its undersigned counsel, and files this Memorandum of Law, in support thereto would show this Honorable Court as follows:

### STATEMENT OF FACTS

The case at bar is brought pursuant to 28 U.S.C., Section 1345, by the United States of America to recover funds expended by virtue of a student loan guaranteed by State of Florida, Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 628).

The Defendant secured a student loan guaranteed by the Department of Education of the United States of America. The Defendant defaulted on the Note and demand for payment was duly made.

The Defendant raised no affirmative defenses.

The Promissory Note executed by the Defendant and annexed hereto as Plaintiff's Exhibit "A" demonstrates that Defendant secured a student loan from First Federal Saving and Loan Association of Broward, Fort Lauderdale, FL. totaling $2,361.80 plus interest accruing at 9.00% per annum. Also annexed hereto, and identified as Plaintiff's Exhibit "B", is a Certificate of Indebtedness (the original was filed with the Complaint) issued by the United States Department of Education which also reflects that the Defendant secured the aforementioned student loan, under the Higher Education Act, and has a remaining balance totaling $8,860.09. Through April 18, 2017, total credits of $0.00 have been applied to the

balance due on this account, yielding a current principal balance due of $2,370.56, interest due of $6,489.53 as of April 18, 2017, service fee of $65.00, and attorney's fees of $1,340.00.

The pleadings on file and documents attached hereto show there is no genuine issue of material fact and that Plaintiff is entitled to a judgment as a matter of law.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. As the moving party, the Plaintiff bears the initial burden to show that there is no genuine issue of material fact to be decided by trial. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 2d (1986); Adicks v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. 2d 142 (1970). Once the moving party has met its burden, the burden shifts to the nonmoving party, whereupon he must demonstrate that there is a material issue of fact which would preclude a summary judgment. See Id.

The Court should resolve all reasonable doubts concerning the facts at issue in favor of the non-moving party, and further, the Court should draw all reasonable inferences in the non-moving party's favor when evaluating whether the movant has met its burden. United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991); Joplin v. Bias, 631 F.2d 1235 (5th Cir. 1980).

A factual dispute between the parties will not necessarily defeat a motion for summary judgment unless it is both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8, 106 S.Ct. 2205, 91 L.Ed. 2d 202 (1986). A dispute over facts is material if, under the substantive law it would affect the outcome of the suit. Id. 248. A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant. Id. Absent a genuine issue of material fact, summary judgment will be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear that burden of proof at trial. 477 U.S. at 322. "The "very mission" of a summary judgment is to pierce the pleadings and to assess the proof in

2

order to see whether there is a genuine need for trial." Games v. Cavazos, 737 F.Supp. 1368 (D. Del. 1990).

The pleadings and the exhibits attached hereto, therefore, clearly demonstrate that there is no genuine issue of material fact in dispute. The Defendant has not raised defense to defeat the motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8, 106 S.Ct. 2205, 91 L.Ed. 2d 202 (1986). Absent any legal defenses and legitimate factual disputes, the Plaintiff is entitled to a final judgment which includes $2,370.56 of unpaid principal, $6,489.53 of unpaid interest as of April 18, 2017, service fee of $65.00, and reasonable attorney's fees.

WHEREFORE, Plaintiff prays this Honorable Court to issue an Order granting Plaintiff's Motion for Summary Judgment.

Dated: August 2, 2017

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Counsel for Plaintiff*
121 Alhambra Plaza, Suite 1000
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Sdavis@bplegal.com

By: /s/ Steven M. Davis
Steven M. Davis, Esq.
Florida Bar No. 894249

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served by CM/ECF or the respective mailing address on this 2 day of August, 2017 to all counsel or parties of record on the Service List Below.

*[signature]*

Steven M. Davis, Esq.

**Service List:**
Charles E. Gaines, Jr.
508 South East Chapman Avenue
Port Saint Lucie, FL 34984

ACTIVE: U06092/093890:9964684_1

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                CASE NO: 17-14163-CIV-MARRA

      Plaintiff,

v.

CHARLES E. GAINES, Jr.

      Defendant,
_____/

## FINAL JUDGMENT

This matter having come before the Court upon Plaintiff's Motion for Summary Judgment, it is

ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiff, UNITED STATES OF AMERICA, and against Defendant, Charles E. Gaines, Jr., upon the Complaint herein, and it is further,

ORDERED AND ADJUDGED that Plaintiff recover of the Defendant the sum of $2,370.56 in unpaid principal, plus the amount of $6,489.53 in interest accrued through April 18, 2017, in accordance with the supporting documentation, Exhibit "A" and Exhibit "B" to Plaintiff's Complaint and Motion for Summary Judgment, plus interest at the rate of 9.00% per annum on the unpaid principal to the date of this judgment, $65.00 in service fee, plus the amount of $1,340.00 in attorney's fees, for the total sum of $10,265.09, pursuant to the terms of the promissory notes executed by the Defendant, for which let execution issue and it is further

ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. Sec 1961, Federal Rules of Civil Procedure.

DONE AND ORDERED in chambers in Saint Lucie, Florida, this _____ day of _____, 201___.

_____
UNITED STATES DISTRICT JUDGE

*Copies furnished to:*
Steven M. Davis, Esq.(Two Certified Copies)
Charles E. Gaines, Jr., *Pro se*

ACTIVE: U06092/093890:8963263_1